IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY DEWITT CAVE,<br><br>            Plaintiff<br><br>        VS.<br><br>Lt. CURRY; SAMMY JOHNSON; SHARON JACKSON; ANTWAWN . GIBBONS; CRAIG MCBRIDE; DEBBIE MOLTON; JOHN FORD; KATHY MCDADE; TYDUS MEADOWS; Dr. PATRICK LEACH; Dr. MICHAEL RODGERS; NURSE PADGETT; DR FULCHER; HAZEL VAUGHN; SARAH DRAPER,<br><br>            Defendants | NO. 5:06-CV-275 (CAR)<br><br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff **TERRY DEWITT CAVE**, an inmate at the Frank Scott State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by this Court on August 17, 2006 and has filed a Recast Complaint as ordered by the Court on September 27, 2006.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on October 14, 2005, while he was incarcerated at Washington State Prison, he and his cell mate had a confrontation which almost resulted in physical violence. Plaintiff alleges that he became afraid for his personal safety; therefore, he spoke to Sgt. Sharon Jackson, Lt. Curry, and Sammy Johnson regarding the situation. According, to plaintiff, all three refused to grant him protective custody or a cell change. Plaintiff alleges that Sgt. Jackson spoke with his cell mate although plaintiff had specifically requested that she not do this. According to plaintiff, this only angered his cell mate more. Plaintiff avers that he made sure all three defendants were aware of the gravity and seriousness of the situation, but they still refused to assist him.

Plaintiff states that after he was denied assistance, he filed an informal grievance. On October 17, 2005, Lt. Gibbons discussed the grievance with him. However, Lt. Johnson was present during the discussion, and Lt. Gibbons failed to assist plaintiff in receiving protective custody or a new cell assignment.

Apparently both Kathy McDade and Craig McBride reviewed this grievance. However, they both refused to assist plaintiff. Plaintiff also alleges that Warden Tydus Meadows and Deputy Warden of Security John Ford knew of the situation but refused to grant plaintiff protective custody or a cell change. Plaintiff CAVE apparently appealed the denial of his grievance, and on January 5, 2006, Sarah Draper, Manager of the Inmate Affairs Unit, denied his appeal. Plaintiff alleges that "[by] signing off on this document and denying plaintiff's appeal, Sarah Draper falsified an official document, failed and was derelict in her duties, and by knowing acquiescence, violated plaintiff's Constitutional rights guaranteed by the Eight Amendment."

Plaintiff alleges that on October 22, 2005, his cell mate attacked him, breaking his hand and bruising several of his ribs.

Plaintiff explains that he reported the injury to an officer on duty.  Plaintiff states that Lt. Gibbons arranged for him to see a nurse the following morning.  On October 23, 2005, nurse Padgett gave him an Ace bandage and some Tylenol.  According to plaintiff, she refused to take any other action even though plaintiff told her he was in great pain and his hand was extremely swollen.

Plaintiff alleges that Dr. Rodgers examined his hand on October 24, 2005, and commented that he may have a fracture.  However, Dr. Rodgers refused to give plaintiff any pain medication or take any further action to assist plaintiff.

Plaintiff states that on October 25, 2005, his hand was finally x-rayed, and it was discovered that it had two fractures.  Thereafter, on October 26, 2006, he was taken to the Augusta State Medical Prison to see an orthopedic specialist, Dr. Leach.  According to plaintiff, Dr. Leach said that a cast was optional and refused to "set plaintiff's hand prior to placing [his] hand in the cast." Plaintiff avers that this caused his hand to heal poorly, and it is now "grossly disfigured and deformed and functions inadequately."

Plaintiff maintains that the cast was removed on December 1, 2005.  At that time, Dr. Young (not named as a defendant in this action) noticed the "gross bone disfigurement and realignment" and scheduled a follow-up appointment for plaintiff.  Plaintiff states that Dr. Young told him corrective surgery may be necessary.

Plaintiff states that he filed a grievance on December 2, 2005 regarding poor medical care and requested corrective surgery.  According to plaintiff, Hazel Vaughn discussed the grievance with him and refused to assist him in getting corrective surgery for his deformed hand.  Plaintiff also states that his post-cast x-rays (which allegedly show the "gross bond realignment") were not in his medical file. Plaintiff states that he filed another grievance regarding the lost x-rays.

Plaintiff explains that he went back to Augusta State Medical Prison on December 22, 2005 and was seen again by Dr. Leach. According to plaintiff, his hand had not improved, and he requested corrective surgery.  Dr. Leach refused to help him and told plaintiff that he would perform the surgery only if plaintiff "signed a disclaimer."

Plaintiff states that in February 2006, he saw Dr. Young again, and Dr. Young took more x-rays. According to plaintiff, Dr. Young told him that his condition had not improved and corrective surgery was definitely necessary. Plaintiff states that Dr. Young arranged for plaintiff to have a follow-up with another orthopedic specialist, Dr. Fulcher.

Plaintiff contends that his hand continued to cause him unbearable pain. However, on March 9, 2006, Dr. Fulcher refused to perform corrective surgery. Furthermore, plaintiff states that Dr. Rodgers has repeatedly denied plaintiff's request for pain medication.

Plaintiff alleges that he has filed numerous grievances and requests regarding his hand directed to Hazel Vaughn and Dr. Rodgers. However, despite the x-rays that clearly show the poor bone realignment, he has been denied assistance. Moreover, plaintiff states that although four x-rays have been taken since his cast was removed, none of the post-cast x-rays have ever been put in his medical file.

## DISCUSSION

First, the Court notes that plaintiff has named Debbie Molton in the heading of his recast complaint. However, plaintiff has set forth no allegations whatever against Ms. Molton in the body of his recast complaint. Accordingly, the undersigned **RECOMMENDS** that Debbie Molton be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

Additionally, the only allegation that plaintiff makes against Sandra Draper is that in January of 2006, she denied the appeal of his grievance. The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. *See **Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials' failure to process or respond to such a grievance is not actionable under 28 U.S.C. § 1983; nor is the denial of an appeal of a grievance. Accordingly, the undersigned **RECOMMENDS** that Sandra Draper be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

Finally, it appears that plaintiff is seeking "an injunction instructing appropriate parties to arrange for examination and treatment" of his hand. Plaintiff was incarcerated at the Washington State Prison when he was allegedly attacked and his hand was broken. Furthermore, most of the named defendants work at Washington State Prison. It appears that plaintiff was transferred to Frank Scott State Prison in April of 2006. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986). Because plaintiff is no longer at Washington State Prison, it is impossible for defendants at that facility to provide him any necessary treatment for his hand. Therefore, this Court cannot fashion equitable relief that conforms to the requested remedy. Should plaintiff desire such injunctive relief, he may need to amend his complaint to name the proper defendant who can help him obtain such a remedy; such as the Warden of the facility in which he is currently incarcerated.

The Court finds that plaintiff's remaining claims regarding the denial of protective custody and lack of medical care for his hand must go forward. Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the remaining defendants; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the ***Prison Litigation Reform Act*** be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**



### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendat beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

☞                     **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

- 7 -

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE**
**UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 7th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

# **NOTICE TO ALL PARTIES**

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL **NOT** BE FILED WITH THE CLERK OF COURT.  **NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.**

DO **NOT** FILE **ANY** DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.