IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY DeWITT CAVE,<br><br>            Plaintiff<br><br>VS.<br><br>LT. CURRY, *et al.*,<br><br>            Defendants | NO. 5:06-CV-275 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

**O R D E R**

      Plaintiff herein has requested this court to provide legal representation for him in the above-captioned proceeding. Tab #33. This is the plaintiff's second such motion, the first having been denied as premature in an order dated August 17, 2006. Tab #6. As made clear in the court's August 17th Order, generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

      In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. Plaintiff is again reminded that if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights, the court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel.

      Accordingly, plaintiff's motion for appointment of legal counsel (Tab #33) is **DENIED** at this time.

      SO ORDERED, this 18th day of APRIL, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE